11-5471 (L) 10-4371 (Con)
Menghi v. Hart

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

JENNIFER MENGHI,

> *Plaintiff-Appellee*,

> v.

TEDDY HART, POLICE OFFICER,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

> *Defendant-Appellant,*

COUNTY OF SUFFOLK,

> *Defendant*.

11-5471 (L)
10-4371 (Con)
10-4642 (Con)

_____

FOR APPELLANT:          Teddy Hart, *pro se*, Patchogue, New York.

FOR APPELLEE:           Daniel F. DeVita, Garden City, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*; Wall, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Teddy Hart, proceeding *pro se*, appeals from the district court's October 27, 2010 judgment denying his motions for judgment as a matter of law, for a new trial, or, alternatively, for reduced compensatory and punitive damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion for judgment as a matter of law de novo, reviewing the evidence in the light most favorable to the non-moving party. *See Highland Capital Mgmt. LP v. Schneider*, 607 F.3d 322, 326 (2d Cir. 2010). "In considering the evidence, the trial court may not weigh evidence, assess credibility, or substitute its opinion of the facts for that of the jury." *Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 277 (2d Cir. 1996). The district court may grant the motion only when there is "either an utter lack of evidence supporting the verdict, so that the jury's findings could only have resulted from pure guess-work, or the evidence must be so overwhelming that reasonable and fair-minded persons could only have reached the opposite result." *Doctor's Assocs., Inc. v. Weible*, 92 F.3d 108, 112 (2d Cir. 1996) (internal quotation marks and citation omitted).

We review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (internal quotation marks and citation omitted).

This Court additionally reviews a district court's findings and calculations in awarding damages for clear error, *see Brown v. C. Volante Corp.*, 194 F.3d 351, 356 (2d Cir. 1999), and the relevant questions of law de novo. *See Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1029 (2d Cir. 1995). "We review a district court's award of attorneys' fees for abuse of discretion. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010).

After an independent review of the record and relevant case law, we conclude, for substantially the same reasons set forth in the district court's well-reasoned memorandum and order of September 30, 2010, that the district court properly: denied the defendants' Rule 50 motions for judgment as a matter of law; granted their Rule 59 motions in part; granted Appellee's motion for attorneys' fees in the amount of $230,878.80; and entered judgment awarding Appellee $500,000 in compensatory damages against defendants and $100,000 in punitive damages against Appellant.

2

We have considered Appellant's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk